IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
TERREL BELL #B17431,             )
                                 )
            Petitioner,           )
                                 )
     v.                          )    No.  09 C 7616
                                 )
GREGORY SCHWARTZ, Warden,        )
                                 )
            Respondent.          )

## MEMORANDUM ORDER

Shortly after this 28 U.S.C. §2254[1] Petition for Habeas Corpus Relief ("Petition") was assigned to this Court's calendar, it sua sponte transferred the action to the United States District Court for the Southern District of Illinois on the premise that such a transfer was mandated by Rumsfeld v. Padilla, 542 U.S. 426 (2004) because Bell was in custody at the Pinckneyville Correctional Center ("Pinckneyville," located in that District). More than six months later, that court has just inquired whether the action could be retransferred here under the authority of Section 2241(d), a concurrent jurisdictional provision with which this Court had previously had no occasion to deal. This Court has immediately agreed to accept such a retransfer.

Because of the extended time that has elapsed (apparently the action had remained dormant in the other District Court),

___

[1] All further references to Title 28's provisions will simply take the form "Section--."

this Court has just as immediately conducted a review of the Petition, as called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").[2] It has determined that the substantive claims advanced by Bell include contentions that arguably implicate the deprivation of constitutional rights.

Accordingly, in accordance with Section 2254 Rule 4 the respondent is ordered to file an answer or appropriate motion on or before July 29, 2010.[3] This Court will then promptly determine the nature of any further required proceedings.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 30, 2010

---

[2] Fortunately the regular procedures in this District Court had caused the original Petition to be scanned before the file was transmitted to the other district.

[3] Even though the Pinckneyville Warden is properly named as the respondent, his counsel will be the Illinois Attorney General, just as would have been the situation if Bell were housed in this judicial district.