IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
TERREL BELL #B17431,            )
                               )
            Petitioner,         )
                               )
     v.                         )       No.  10 C 4334
                               )
RANDY DAVIS, Warden,[1]          )
                               )
            Respondent.         )

<u>MEMORANDUM OPINION AND ORDER</u>[2]

After some false starts that had delayed consideration of

the substance of the 28 U.S.C. §2254[3] Petition for a Writ of

Habeas Corpus ("Petition") filed by Terrell Bell ("Bell"), this

Court issued its June 30, 2010 order ("Order") pursuant to

Section 2254 Rule 4, directing the respondent Warden "to file an

answer or appropriate motion" in response to the Petition.

Needless to say, this Court then had no real information as to

the checkered procedural history of Bell's post-conviction

---

[1]  Because Randy Davis is now Warden at the Pinckneyville
Correctional Center, where petitioner Terrell Bell is now in
custody, Warden Davis is ordered substituted as respondent
pursuant to Fed. R. Civ. P. 25(d) and Rule 2(a) of the Rules
Governing Section 2254 Cases in the United States District Courts
("Section 2254 Rules").

[2]  Although the Illinois Attorney General's office, as
counsel for the respondent Warden, has noticed up the just-filed
motion to dismiss for presentment on August 4, the ensuing text
explains why this case can and should be resolved on the basis of
indisputable court records, so that neither such presentment nor
the provision of any further input from the petitioner is needed.

[3]  All further references to Title 28's provisions will
simply take the form "Section--."

efforts or, importantly, on their effect as to the timeliness or untimeliness of the Petition.

In response to the Order the Attorney General's office has filed a motion to dismiss the Petition as hopelessly out of time. This memorandum opinion and order will set out in brief compass the relevant facts that compel such dismissal.

Section 2244(d)(1)(A) fixes one year after "the date on which the [State court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" as the deadline for filing the Petition here.[4]  In this instance that final judgment date came with the expiration of the time for seeking direct review--April 14, 2006:

1.  On March 24, 2006 the Illinois Appellate Court for the First District had dismissed Bell's direct appeal in its Case No. 1-05-1567.

2.  Under then Illinois Supreme Court Rule 315(b), Bell had 21 days thereafter within which to file a timely petition for leave to appeal ("PLA") to the Illinois Supreme Court (that time limit applied unless within the same 21 day period Bell had filed with the Appellate Court an affidavit of intent or a certification of intent to seek leave to appeal, but Bell did nothing along those lines).

---

[4]  There are other possible starting dates for the one-year limitation clock prescribed in Section 2244(d)(1)(B) through (D), but it is clear that none of those applies here.

3. According to the Illinois Supreme Court records, Bell never successfully filed such a PLA (there were exchanges of correspondence in which the Supreme Court Clerk's Office explained to Bell more than once what he needed to file for that purpose, but he did not comply until he ultimately filed a motion for leave to file a <u>late</u> PLA, which the Illinois Supreme Court denied on May 25, 2007.

That April 14, 2006 final judgment date then gave Bell until April 14, 2007 to turn to the federal courts via Section 2254 to assert any claimed federal constitutional deprivation. And even if the duration of Bell's aborted efforts to seek direct appellate relief from the Illinois Supreme Court were to be counted for limitations purposes (as it is not), so as to move the final judgment date to May 25, 2007, the Section 2254(1) one-year period would have run out on May 25, 2008. But Bell did not bring a Section 2254 petition before either of those dates.

Indeed, it was not until September 27, 2008 that Bell returned to seeking any judicial relief, and that was via a state court petition pursuant to the Illinois Post Conviction Hearing Act, 725 ILCS 5/122-1 et seq. But that state court petition and its ensuing course through the Illinois court system had no effect on the expiration of Bell's federal opportunity by virtue of the tolling provision of Section 2244(d)(2), because the one-year clock had already run out <u>before</u> he began that state post-

conviction effort.  As our Court of Appeals has put it succinctly

in deJesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009) in

describing the effect of Section 2244(d)(2):

> Subsection (2)'s approach to excluding time is
> straightforward.  It follows that a state proceeding
> that does not begin until the federal year has expired
> is irrelevant.

In sum, Bell's attempted invocation of Section 2254 by his

December 2, 2009 filing of the Petition[5] is unquestionably time-

barred.  Nor has Bell suggested that any notion of equitable

tolling could assist him here, for he does not even arguably

qualify for such treatment under the principles just reconfirmed

by the Supreme Court in Holland v. Florida, No. 09-5327, 78 USLW

4555, 4560 (U.S. June 14, 2010), under which a petitioner must

show "(1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way and

prevented timely filing."  Accordingly both Bell's Petition and

this action are dismissed.[6]

One final matter remains.  Section 2254 Rule 11(a) calls for

---

[5]  Like counsel for the respondent Warden, this Court has
referred to the date of Bell's signature on the Petition, rather
than the date of its receipt in the District Court, on the
premise that Bell would qualify for such treatment under the
"mailbox rule."

[6]  As n.2 indicates, even though Section 2254 Rule 5(e)
contemplates the prospect of a reply by a petitioner, in this
instance every step of the way has been dictated by official
court documents, rather than through any reliance on some factual
determination that might be countered by Bell.  Thus no room is
left for such a reply.

this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Because a certificate of appealability requires that a petitioner such as Bell must have made "a substantial showing of the denial of a constitutional right" (Section 2253(c)(2)), and where as here the Petition has been denied on procedural grounds without reaching the merits of any underlying putative constitutional claims, the petitioner must show that jurists of reason would find the procedural ruling debatable (<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

In this Court's view Bell does not come even close to meeting that standard.  Hence this Court also denies a certificate of appealability (under Section 2254 Rule 11(a), however, Bell may seek such a certificate from the Court of Appeals).

_____

Milton I. Shadur
Senior United States District Judge

Date:  July 30, 2010