IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
TERREL BELL #B17431,              )
                                  )
            Petitioner,           )
                                  )
    v.                            )    No.  10 C 4334
                                  )
RANDY DAVIS, Warden,              )
                                  )
            Respondent.           )

SUPPLEMENT MEMORANDUM OPINION AND ORDER

Just one day after this Court issued its July 30 memorandum opinion and order ("Opinion") that dismissed the 28 U.S.C. §2254[1] Petition for a Writ of Habeas Corpus ("Petition") filed by state prisoner Terrell Bell ("Bell"), it had occasion to review the latest batch of slip opinions from our Court of Appeals--and it found among them the preceding week's opinion in Griffith v. Rednour, No. 09-2518, 2010 WL 2852631 (7th Cir. July 22, 2010). That case, like this one, involved the timeliness of such a Petition under Section 2244(d)(1)(A), and both the discussion and the holding there have triggered this brief supplement to the Opinion.[2]

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Given the size of the court calendars (and hence the number of legal issues that must be faced) here at the District Court level, coupled with the number of appellate decisions a District Judge must regularly review to keep up with new developments, occurrences of the type described in this supplement cannot really be treated as the happy "accidents" that the term "serendipity" connotes. But the extraordinarily close

Although Griffith dealt with the acceptance of an untimely filing of a petition for collateral review before the Illinois Supreme Court, while this case involved that court's rejection of an untimely filing, Griffith's analysis of the concept of "final[ity] by the conclusion of direct review" (Section 2244(d)(1)(A)) was totally in harmony with the analysis that this Court employed in the Opinion. Indeed, this case really involves an a fortiori application of the same analytical principles.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: August 2, 2010

---

timing involved here is truly remarkable even in those terms.

[3] That is true as well of the obvious inapplicability here of the United States Supreme Court's very recent decision in Holland v. Florida to provide any aid or comfort to Bell (see Opinion at 4 and Griffith at *3).

2