IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
TERREL BELL #B17431,             )
                                 )
            Petitioner,           )
                                 )
      v.                         )    No.  10 C 4334
                                 )
RANDY DAVIS, Warden,             )
                                 )
            Respondent.           )

        STATEMENT AS TO CERTIFICATE OF APPEALABILITY

    This Court's July 30, 2010 memorandum opinion and order ("Opinion"), supplemented a few days later on August 2, dismissed both the Petition for Writ of Habeas Corpus ("Petition") and this action, which had been brought by Terrell Bell ("Bell") under the claimed auspices of 28 U.S.C. §2254.[1] As called for by Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 11(a)"), the Opinion concluded by denying a certificate of appealability ("COA").

    Now Bell has filed a notice of appeal, coupled with what he terms a "formal" request for a COA. It is unclear whether Bell intends that request to be directed (1) to this Court notwithstanding its already-stated denial or (2) to our Court of Appeals (as the Opinion concluded by confirming his right to do). But both out of an abundance of caution and because Bell's current filing sets out an argument that calls for brief comment,

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

this Court will speak to the issue again.

Bell points to Pace v. DiGuglielmo, 544 U.S. 408 (2005) as supposedly supporting the timeliness of his Petition. That is puzzling indeed, for Pace does not help Bell at all. Here is the description of the Pace holding in the opening paragraph of the Court's opinion (id. at 410):

> This case requires us to decide whether a state postconviction petition rejected by the state court as untimely nonetheless is "properly filed" within the meaning of §2244(d)(2). We conclude that it is not, and hold that petitioner John Pace's federal petition is time barred.

As Opinion at 2-3 explained, the one year limitation period under Section 2244(d)(1)(A) had already run out before Bell ever sought state court post-conviction relief. And as held in DeJesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009) and in last month's opinion in the Griffith case cited in the August 2 supplement, that belated filing is irrelevant--it does not bring Section 2244(d)(2) into play at all.

Accordingly this Court reconfirms its earlier denial of a COA. If Bell wishes to have the Court of Appeals address that question, his attention is also called to the need to pay the $455 in filing fees required for his appeal (an amount sharply different from the $5 filing fee for a habeas petition in this District Court).

                                             /s/ Milton I. Shadur
                                             Milton I. Shadur
Date: August 19, 2010    Senior United States District Judge