IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
TERRELL BELL #B17431,              )
                                   )
            Petitioner,            )
                                   )
     v.                            )    No.  10 C 4334
                                   )    USCA No. 10-2979
RANDY DAVIS, Warden,               )
                                   )
            Respondent.            )

MEMORANDUM ORDER

Terrell Bell ("Bell") has waited for fully nine months after the entry of this Court's July 30, 2010 memorandum opinion and order ("Opinion") that dismissed both Bell's 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") and this action to file what he labels "Petitioner's R. 60(b) Motion for Relief from Judgment." Even apart from the questions whether his current filing has been "made within a reasonable time" (Fed. R. Civ. P. ("Rule") 60(c)(1)) and whether this Court has jurisdiction to entertain it,[2] it is without substantive merit.

In the Opinion this Court explained in careful detail why

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Bell's case is listed on the most recent of the monthly printouts received from the Court of Appeals as pending there under Case No. 10-2979. If so, this Court's understanding is that the filing of a Rule 60(b) motion allows this Court to consider whether the motion has plausibility and, if so, to request a remand so it will acquire jurisdiction to entertain it. This memorandum order explains briefly why no such remand will be requested.

the Petition was well out of time, because the tolling provisions of Section 2244(d)(2) had unquestionably not saved Bell from the expiration of the one-year limitation period established by Section 2244(d)(1)(A). That determination was made on the basis of court dates that were not subject to dispute or contradiction, not on the basis of any aspect of the Attorney General's Answer to the Petition that might be countered by any reply from Bell. In that respect Opinion nn. 2 and 6 explain:

> 2/ Although the Illinois Attorney General's office, as counsel for the respondent Warden, has noticed up the just-filed motion to dismiss for presentment on August 4, the ensuing text explains why this case can and should be resolved on the basis of indisputable court records, so that neither such presentment nor the provision of any further input from the petitioner is needed.
>
> 6/ As n.2 indicates, even though Section 2254 Rule 5(e) contemplates the prospect of a reply by a petitioner, in this instance every step of the way has been dictated by official court documents, rather than through any reliance on some factual determination that might be countered by Bell. Thus no room is left for such a reply.

Accordingly Bell's current effort to revive the Petition plainly lacks merit. Hence his Rule 60(b) motion will not be entertained.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 4, 2011

2