IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. )<br>TERRELL BELL #B17431, )<br>  )<br>    Petitioner, )<br>  )<br>  v.  )<br>  )<br>  )<br>DONALD GAETZ, Custodian, )<br>  )<br>    Respondent. ) | No.  10 C 4334<br>USCA No. 10-2979<br>(see also No. 09 C 7616) |

MEMORANDUM ORDER

This Court's recent printout of a Clerk's Office compendium of motions listed as "pending" in cases assigned to its calendar has turned up such a motion in a long-since closed action--the 28 U.S.C. §2254 Petition for Writ of Habeas Corpus ("Petition") that had been brought pro se by Terrell Bell ("Bell"). Although Bell has labeled his June 8, 2012 filing as "Petitioner's R.60(b) Motion for Relief from Judgment," more than one aspect of the current filing is puzzling.

For example, Bell expressly acknowledges (1) that in August 2010 this Court declined Bell's application for a certificate of appealability ("COA"), (2) that on May 16, 2011 the Court of Appeals issued a like COA denial (treating Bell's notice of appeal as an application for such a certificate) and (3) that the Court of Appeals denied Bell's petition for rehearing on June 9, 2011.  Yet the opening sentence of Bell's current motion asks for vacation of a judgment of April 30, <u>2012</u>--a later date that is

wholly without any mention in the court record.

But more importantly, Bell has said nothing to bring himself within the purview of Fed. R. Civ. P. ("Rule") 60(b), both as a substantive matter and in light of the Rule 60(c) requirement that such a motion "must be made within a reasonable time." Although the relief that Bell requests in his motion is for the "Court of Appeals to enter an order to vacate judgment and issue a Certificate of Appealability," this Court is aware that the Court of Appeals looks first to the District Court to address that question, after which the petitioner may seek relief from the Court of Appeals.  Hence this Court holds that it sees no predicate for issuance of a COA, and it is transmitting a copy of this statement to the Court of Appeals for its information.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 11, 2012